McDONALD, Justice.
After a hearing on the Florida Bar’s complaint, the referee recommended that Co-lee, a member of the bar, be found guilty of violating former disciplinary rule 7-102(B)(2) and that he be given a private reprimand, be placed on probation for one year, and be required to complete ten hours of bar-approved ethics courses.[1] The bar petitioned for review, arguing that Colee’s conduct warrants a ninety-day suspension, followed by one year’s probation and passage of the ethics portion of the bar examination.[2] Colee disagrees with some of the *769 referee’s findings of fact,[3] but does not complain about the conclusion that he violated the code of ethics. He urges us to approve the recommended discipline of private reprimand.
Prior to taking the action which led to the complaint, Colee studied the code of ethics, consulted another attorney in regards thereto, and could find no violation. We agree with the referee that there is no clearly delineated prohibition against an attorney seeking a fee from another attorney to produce a witness.[4] Be that as it may, the duty of any lawyer is to take any information of fraud to the court rather than to attempt to sell the information to the lawyer who lost the case. Fortunately for all concerned, the counsel whom Colee approached recognized the impropriety of Colee’s proposal.
Notwithstanding Colee’s previously unblemished record and his belief that he committed no ethical violation in taking the course he did, we find that a ninety-day suspension is warranted. Even though the bar rules do not expressly proscribe Colee’s actions, it is incomprehensible to us that an attorney would seek to benefit financially from furthering the truth-seeking process in this manner. Colee engaged in conduct unbecoming to a member of the legal profession and deserves more than a private reprimand for this flagrant violation. In order to protect his clients Colee’s suspension will begin thirty days from the date this opinion is filed. Colee shall accept no new business after that date. In accordance with the referee’s recommendation Colee is also put on probation for one year and is directed to complete ten hours of courses in ethics. Judgment for costs in the amount of $1,007.07 is hereby entered against Colee, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARRETT, GRIMES and KOGAN, JJ., concur.

. The pertinent facts from the referee’s report are as follows:
I. FINDINGS OF FACT:
This case arises out of a "cracker-barrel” discussion between an attorney and his long time client. The discussion centered on a verdict in excess of One Million Dollars ($1,000,000.00) rendered in a personal injury action in Jacksonville. The size of the verdict obviously titillated both lawyer and client. The level of the discussion was gossipy, opinionated, and banal.
The client advised the attorney that he knew someone who could prove that the Plaintiff in the personal injury action had defrauded the Court, possibly in a criminal way. The lawyer clamped his mental jaws shut on this bare hook, and suggested to the client that such information could be sold to the losing party in the law suit for a sum of Two Hundred Thousand Dollars ($200,000.00).
The abysmal lack of judgment exercised by COLEE upon receiving this dubious information is, in the opinion of this Referee, the most regrettable act committed by COLEE in the sequence of events which he initiated.
The Referee finds that the conversation between lawyer and client, paraphrased, went something like this:
The client suggests that he is aware of a witness who can expose a fraud perpetrated on the Court; The lawyer responds by saying that such information is valuable; The lawyer suggests that the information be taken to the Defendant’s lawyers; The lawyer suggests that the information is worth Two Hundred Thousand Dollars ($200,000.00).
The Referee believes that it was the lawyer who suggested that the information could be sold, and determined the value of the information, based on the testimony of the client before the Grievance Committee. The client has no interest or bias in this case except perhaps to help his friend the lawyer. If anything, the testimony of the client is extremely damaging to the lawyer. The client denies that he suggested that the lawyer take the information to the Defendant’s lawyers and the client denies that he knew for what sum of money the information could be sold. In fact, the client suggests that he would have sold the information for a far greater sum.
COLEE then went to the Defendant’s attorneys and revealed that he was aware of evidence which could possibly prove a fraud on the Court. COLEE suggested that the evidence was worth a figure of Two Hundred Thousand Dollars ($200,000.00). The Defendant’s attorneys balked and obtained a delay in making a decision.
Within two days the Defendant’s attorneys called back and rejected COLEE’s offer. CO-LEE then terminated the discussions without revealing the name of the client.
The attorneys for the Defendant went to Court, to obtain a Court Order requiring CO-LEE to divulge the name of the client, COLEE appealed, COLEE capitulated, and the name of the client was revealed. A deposition of the client and the witness showed that the Defendant’s attorneys were already in possession of the allegedly valuable information. In other words, no fraud had actually been perpetrated on the Court.

. The bar also argues that a private reprimand is out of order because this case did not arise from a grievance committee's finding of minor *769 misconduct. Because of our ruling on the discipline to be imposed, we do not address the bar’s second issue.

. The objections do not affect the conclusions of law or fact.

. We invite The Florida Bar to review this type of action to determine if chapter 4 of the Rules Regulating The Florida Bar should be modified.